# Wytheville

L. MORGAN JOHNSTON V. KATE KINCHELOE, ADM'X, ETC.

June 13, 1935.

Present, All the Justices.

The opinion states the case.

*Charles Henry Smith,* for the plaintiff in error.

*Albert V. Bryan, S. Bernard Coleman* and *A. W. Embrey, Jr.,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Thomas Nelson Kincheloe was killed on June 27, 1932, while riding in an automobile driven by Thomas Arrington when in collision with a truck belonging to L. Morgan Johnston. The accident occurred at a bridge across Pike's Run on what is known as Telegraph Road, in Fairfax county. On the morning of that day Kincheloe, a white man, requested Arrington, a colored man, to drive him in the latter's car to the home of Kincheloe's sister, that he might bring back some fruit jars. Pursuant to this request, in the afternoon, Arrington, driving his car, carried Kincheloe to the sister's home. Upon the return trip and while it was still day this collision, in which Kincheloe was killed, happened. His administratrix has obtained a verdict against Johnston, the defendant here, for $2,500, which was confirmed by the court. That judgment is now before us on a writ of error.

The defendant pleaded contributory negligence and filed this special plea of *res adjudicata* and estoppel by judgment:

"Now comes the defendant, L. Morgan Johnston, and files this, his special plea of *res judicata* and estoppel, to the claim set up in the notice of motion filed herein by the plaintiff against the defendant and says that the plaintiff's decedent, at the time the injury which resulted in his death was suffered by him as complained of in the notice of motion for judgment, was riding in an automobile owned by and being driven by one Thomas Arrington, who was the agent and servant of the said plaintiff's decedent immediately engaged in the business and carrying out the command of the said plaintiff's decedent, and that, as a result thereof, the rights and interests in the cause of action here complained of by the plaintiff are identical with

those asserted by the said Thomas Arrington and that the said Thomas Arrington has heretofore instituted suit for damages against this defendant in the Circuit Court of the county of Fairfax, Virginia, a court of competent jurisdiction, arising out of the identical set of facts and cause of action as herein stated, and that the facts proven or which would have been proven in that case are identical with the facts relied upon to prove this case, and that, on the issue joined therein, a jury, under proper instruction of the said Circuit Court of Fairfax county, Virginia, returned a verdict for the defendant, upon which said verdict final judgment was rendered in favor of the defendant, and remains in full force and effect and was a judgment upon the merits; which said judgment was rendered on the following pleadings and record."

This plea the court rejected and error is assigned.

If there was a joint enterprise, Arrington's negligence can be imputed to Kincheloe. *Virginian Ry. Co.* v. *Underwood,* 152 Va. 264, 146 S. E. 277. But there was none. Whether Kincheloe got his fruit jars or not was a matter about which Arrington had no concern. He was not interested in the purpose of the trip and Kincheloe had no voice in the management and control of the machine. *Miles* v. *Rose,* 162 Va. 572, 175 S. E. 230, 235. It was there said:

"But the engagement between the parties must have given rise to a relationship between them such that each is entitled to a voice in the control and operation of the automobile—which is but to say that there must have been some joint enterprise." See, also, *Gaines* v. *Campbell,* 159 Va. 504, 166 S. E. 704.

If Kincheloe was the master and Arrington the servant, then Arrington's negligence should be imputed to Kincheloe under the doctrine of *respondeat superior.*

"The basis of liability is that one who employs another to do an act for his benefit, and who has the choice of the agent, must take the risk of injury to third persons by the

mode or character of the servant's performance." *Kidd* v. *DeWitt,* 128 Va. 438, 105 S. E. 124, 125.

A master is one who has the power to control, and a servant is one whose duty it is to obey. Plainly, this relationship did not exist here. Kincheloe had no power to control Arrington, and Arrington was not under the necessity of obeying him.

It is not clear from the plea whether the doctrine of master and servant or principal and agent is relied upon. If the first did not obtain then for a stronger reason the latter did not.

In *Merriman Co.* v. *Thomas & Co.,* 103 Va. 24, 48 S. E. 490, 491, it is said that the line of demarcation between them is sometimes exceedingly difficult to define. That case then goes on to approve these statements from Mechem on Agency, section 2:

"An agent is one who represents another, called the principal, in dealings with third persons."

"A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who, in such service, remains entirely under the control and direction of the latter, who is called his master."

A chauffeur, when driving his master, is a servant. If he contracts with a mechanic to repair the car, he is an agent.

If Kincheloe was Arrington's guest, then Arrington's negligence cannot be imputed to him, and the doctrine of *respondeat superior* has no application. *Norfolk and Western Ry. Co.* v. *James,* 147 Va. 178, 136 S. E. 660, and cases there cited.

Arrington took Kincheloe on this trip at Kincheloe's request and for Kincheloe's accommodation. He had no interest in the undertaking and was not benefited by it directly or indirectly.

Plainly, a self-invited guest has no rights superior to those of one who goes by express invitation. To recover against his host, he must prove gross negligence, but his

status relative to injuries inflicted by others is not changed. If Arrington had known that Kincheloe wished to get these fruit jars and had offered to take him to the sister's house for that purpose, manifestly Arrington would have been the host and Kincheloe the guest. It would be unlooked for and curious if Kincheloe, by suggesting the favor conferred upon him, could enlarge his rights as against Arrington or diminish them as to those who were in nowise connected with the undertaking. *Chanson* v. *Morgan's Louisiana & T. R. & S. S. Co.*, 18 La. App. 602, 136 So. 647.

In *West* v. *Poor*, 196 Mass. 183, 81 N. E. 960, 11 L. R. A. (N. S.) 936, 124 Am. St. Rep. 541, it appears that a milkman, on returning to his wagon, after delivering some milk, found in it the plaintiff and some other children. He did not order them out but drove on. At his next stop he undertook to help them down. His horse started up and one of them was thrown to the ground and hurt. The court said: "He (the defendant) did nothing and said nothing to invite them, and the nearest analogy that occurs to us is that of a self-invited guest in whose presence, the host acquiesces and whose enjoyment he seeks to promote, or that of a gratuitous bailee. In the former case the degree of care required is that of licensor and licensee (*Plummer* v. *Dill*, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463; *Hart* v. *Cole*, 156 Mass. 475, 31 N. E. 644, 16 L. R. A. 557), which, as has often been said, requires only that the licensor shall not set traps for the licensee and shall refrain from reckless, willful or wanton misconduct tending to injure him (*Massell* v. *Boston Elev. Ry.*, 191 Mass. 491, 78 N. E. 108). In the latter case, in order to render the bailee liable, it must appear that he has been guilty of culpable negligence. *Whitney* v. *Lee*, 8 Metc. (Mass.) 91; *Nolton* v. *Western R. R. Corp.*, 15 N. Y. 444, 69 Am. Dec. 623." See also, *Massaletti* v. *Fitzroy*, 228 Mass. 487, 118 N. E. 168, 176, L. R. A. 1918C, 264, Ann. Cas. 1918B, 1088.

The recent case of *Margiotta* v. *Aycock*, 162 Va. 557, 174 S. E. 831, is quite in point. Miss Aycock was at Virginia Beach. She had no car of her own and asked Margiotta

to take her back to her Norfolk home. He complied with her request and she was hurt *en route*. This court held her to be a guest.

It is true that Margiotta would have gone to Norfolk had this request not been made, but he would not have gone to this young lady's home and she would not have ceased to be his guest by reason of the detour thus made necessary. Her purpose did not change her status. She might have been going home to stay or she might have been going there for fruit jars so far as the principles involved are concerned. In other words, Margiotta took her to Norfolk at her request and for a reason which concerns her only, in all of which he had no interest, just as Arrington, at Kincheloe's request, took Kincheloe into the country for a reason which concerned Kincheloe only. And whether we hold that the relationship be that of host and guest or that of gratuitous bailor and bailee, the results would be the same.

Since Kincheloe's right to recover is not through Arrington it cannot be affected by any adjudication of Arrington's rights and liabilities.

Plaintiff in error relies upon *Virginia R. & P. Co.* v. *Leland,* 143 Va. 920, 129 S. E. 700, 703. That case is not in point. It there appears that Leland and Carnohan were partners and in the course of their business drove their truck along a Norfolk street. Carnohan was the driver and by him sat Leland. Both of them looked back and saw a street car coming. There was a collision in which Leland was hurt. The partners brought a suit for the damage to their truck and Leland another suit for personal injury. There was a judgment for the defendant in the first action. In Leland's action, as here, pleas of *res adjudicata* and estoppel by judgment were filed. These pleas were rejected by the trial court. This court, in reversing it, said:

"The judgment of the court determined that the joint negligence of the plaintiff and Carnohan was the proximate cause of the collision or was conclusive of any right of recovery of either or both of them in any other action based upon the same cause of action."

This assignment of error was not well taken.

■ For the same reasons the trial court was right in rejecting instructions which told the jury that they should apply the doctrine of principal and agent.

Contributory negligence is here no defense. There is nothing to show that Kincheloe was negligent and since he does not claim through Arrington, Arrington's negligence, even if conceded, could not affect him.

■ We have a jury's verdict sustained by the trial court and under well settled principles it is our duty to sustain it if there is credible evidence on which it can be based.

■ Arrington testifies that he was on his right-hand side of the bridge when the collision occurred and had come almost to a stop; that the truck, which was loaded with sand, came upon him at a high rate of speed apparently out of control, traveling, not upon its right-hand side of the bridge, but along the center and crashed into the left side of his car. That it did strike the left side of his car is shown by a photograph in the record. There is nothing inherently improbable in this evidence and since the jury had a right to believe it we must accept it, even if it were to be conceded that Arrington's evidence at the hearing of his own case was less favorable to plaintiff's cause than that given here. *Parsons* v. *Parker,* 160 Va. 810, 170 S. E. 1.

The judgment of the trial court must be affirmed, and it is so ordered.

*Affirmed.*