# Richmond

FLORENCE L. PAINTER v. NICHOLAS A. LINGON.

June 16, 1952.

Record No. 3900.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Forest T. Taylor* and *Wayt B. Timberlake, Jr.,* for the plaintiff in error.

*Curry Carter, John J. Wicker, Jr.* and *E. Ballard Baker,* for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

The jury returned a verdict in the sum of $12,000 in favor of Florence L. Painter against Nicholas A. Lingon for personal injuries sustained by her in an automobile accident. The trial court set the verdict aside and entered final judgment for defendant. Plaintiff appeals.

Plaintiff, a woman sixty years of age, and her husband, A. F. Painter, lived in Portsmouth, Virginia. They owned a cabin in Augusta county, situated between Staunton and Waynesboro on the north side of U. S. Route 250. The road leading from the highway to the cabin is approximately 150 feet east of Mathias Service Station. A post or highway marker prevented the drivers of westbound motor vehicles from making a right turn into the road to the cabin. At this point the highway (Route 250) is divided into three traffic lanes. Two solid white lines divide the east-bound lane from the center, or passing, lane for west-bound traffic, and a broken white line divides the center, or passing, lane from the west-bound traffic lane.

At approximately 7:00 p. m., on October 9, 1948, plaintiff, riding on the front seat with her husband, who was driving a 1947 Chrysler sedan, title to which was registered in her name, left Portsmouth for the purpose of spending the week end at their cabin. Six hours later, approximately 1:00 a. m., October 10th, traveling west on Route 250, they reached the road leading to the cabin. The driver, not being able to make a right turn into this road, drove approximately 150 feet west of it, to Mathias Filling Station. There he made a left turn across the three-lane highway and started east in the east-bound traffic lane for the purpose of making another left turn across the three-lane highway and going to the cabin. While the Painter automobile was headed east and in the east-bound lane, the driver stopped to permit a west-bound car to pass. As he pulled into, and was headed diagonally across, the middle lane, he saw the lights of

defendant's car approaching from the east, well within its proper west-bound lane, and stopped for it to pass. When defendant was within 100 feet of the Painter car, he suddenly applied his brakes, causing his automobile to skid from the west-bound traffic lane into the middle lane and collide with the Painter automobile, severely injuring the occupants of both vehicles.

The dominant question presented is whether the negligence, if any, of plaintiff's husband is imputable to her.

Defendant contends that inasmuch as the uncontradicted testimony is that plaintiff was injured while riding in an automobile, title to which was registered in her name, and driven by her husband on a mutual pleasure trip, she and her husband were engaged in a joint enterprise, and that the negligence of one is imputable to the other. He cites, among others, the following authorities in support of this contention: *Lucey* v. *Allen*, 44 R. I. 379, 117 A. 539; *Fisch* v. *Waters*, 136 N. J. L. 651, 57 A. (2d) 471; *Harper* v. *Harper*, 225 N. C. 260, 34 S. E. (2d) 185; *Matheny* v. *Central Motor Lines*, 233 N. C. 681, 65 S. E. (2d) 368.

Defendant states that this court applied the foregoing principle in *Washington, etc., R. Co.* v. *Zell,* 118 Va. 755, 88 S. E. 309. The *Zell Case,* in effect, was overruled by this court in *Miles* v. *Rose,* 162 Va. 572, 175 S. E. 230, and *Carroll* v. *Hutchinson,* 172 Va. 43, 200 S. E. 644, and we have consistently refused to follow it in subsequent cases. The decision in the *Zell Case* on the doctrine of joint enterprise, as there applied, is expressly overruled. Compare opinion by Mr. Justice Eggleston, announced at this session of the court, in *MacGregor* v. *Bradshaw, ante,* p. 787, 71 S. E. (2d) 361.

It will be noted that the opinion in the *Zell Case* was written by Judge Kelly, who later wrote the opinion in *Director General* v. *Pence,* 135 Va. 329, 345, 116 S. E. 351, where he defined "joint enterprise" more accurately thus: "But the 'joint enterprise' which will render the contributory negligence of a driver imputable to a person riding with him must invest such person with some voice in the control and direction of the vehicle. The rule is founded upon the doctrine of principal and agent. The passenger must be so related to the driver as that the maxim *'Qui facit per alium facit per se'* is applicable."

Defendant's contention was rejected by this court in *Virginia Ry., etc., Co.* v. *Gorsuch,* 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918B, 838. There the wife was sitting on the front seat of a

car owned by her and driven by her husband, en route from a hotel where they had had dinner, to their quarters to spend the night. She sustained personal injuries when the automobile collided with a street car operated by the Virginia Railway and Power Company. In her action to recover damages defendant contended that the husband was negligent and that his negligence was imputable to his wife. Judge Prentis, speaking for the court, said: "* * * it may be regarded as settled by the overwhelming weight of authority, that the negligence of the driver of an automobile will not be imputed to a mere passenger, unless the passenger has or exercises control over the driver. The negligence of the servant is imputed to the master, because the master employs and can discharge the servant and direct his actions. It seems to be well settled that the negligence of a husband driving an automobile is not, as a general proposition, imputable to his wife merely because of the marital relation; nor is the negligence of the driver of an automobile imputable to his guest merely because he is riding with him by invitation. * * *

*     *     *     *     *     *

"It is earnestly claimed, however, that because of the fact that Mrs. Gorsuch owned the automobile involved in this collision, none of the rules above stated are applicable to this case, and that Mrs. Gorsuch, as the owner of the machine, had such control, or right of control, over it as to make her responsible for the negligence of her husband.

"We cannot agree with this suggestion. Mr. Gorsuch was the gratuitous bailee of her automobile and had been for a week before the accident. His control of it while his wife remained in Baltimore, was as absolute as if he had owned the machine, and the casual visit of Mrs. Gorsuch to Richmond did not change this control."

The owner's presence in an automobile driven by another is not alone sufficient to make him responsible for the operator's negligence. Such presence may be an element tending to prove agency, or that the operation was under the owner's control, so that the negligence of the driver would be imputable to him. The fact that the parties are husband and wife does not change this rule. 5 Am. Jur., Automobiles, secs. 496, 498, pp. 783, 784.

In order for defendant to invoke the doctrine of imputed negligence in a case in which one spouse owns the automobile

and is present while it is being driven by the other, it is encumbent upon him to prove the actual relationship of the parties,—that is, that the driver was the agent of the other spouse on the particular occasion. As said by Justice Holt, in *Gaines* v. *Campbell,* 159 Va. 504, 512, 166 S. E. 704: "* * * The major test, when we undertake to impute to a plaintiff the negligence of her driver, is this: Was he her agent, and did she have any control over the management of the car? Not until these facts are established can the doctrine of 'joint enterprise' be invoked." *Virginian Ry. Co.* v. *Farr,* 147 Va. 217, 136 S. E. 668; *Seaboard Air Line R. Co.* v. *Terrell,* 149 Va. 344, 141 S. E. 231; *Hancock* v. *Norfolk, etc., R. Co.,* 149 Va. 829, 141 S. E. 849; *Norfolk, etc., R. Co.* v. *Parker,* 152 Va. 484, 147 S. E. 461; *Chesapeake, etc., R. Co.* v. *Hewin,* 152 Va. 649, 148 S. E. 794; *Majestic Steam Laundry* v. *Puckett,* 161 Va. 524, 171 S. E. 491; *Johnston* v. *Kincheloe,* 164 Va. 370, 180 S. E. 540; *Stallard* v. *Atlantic Greyhound Lines,* 169 Va. 223, 192 S. E. 800; *Yorke* v. *Mason,* 173 Va. 379, 4 S. E. (2d) 375; *Outlaw* v. *Pearce,* 176 Va. 458, 11 S. E. (2d) 600.

Each person engaged in a joint enterprise is liable for the negligence of his joint venturers, if the negligent act is committed within the scope of such joint venture. If we were to hold in this case that the husband was negligent, and that his negligence is imputable to plaintiff, then plaintiff would be liable for the negligence of the husband, and a passenger injured in defendant's car would have a right of action against her. This principle is conversely stated in 2 Torts A. L. I., sec. 491, p. 1273, thus: "Any one of several persons engaged in an enterprise is barred from recovery against a negligent defendant by the contributory negligence of any other of them if the enterprise is so far joint that each member of the group is responsible to third persons injured by the negligence of a fellow member."

It is clear that the facts in this case are insufficient to hold Mrs. Painter liable for negligence of her husband.

When the question of whether two or more parties were engaged in a joint enterprise becomes pertinent, such question must be determined as any other factual issue; that is, if the evidence is in conflict, or if reasonable men may differ as to the proper inferences to be drawn from the uncontradicted testimony, a jury question is presented; otherwise, it is a question of law to be determined by the court. *Director General* v. *Pence,* 135 Va. 329, 116 S. E. 351; *Virginian Ry. Co.* v. *Farr,* 147 Va.

217, 136 S. E. 668; *Miles* v. *Rose,* 162 Va. 572, 175 S. E. 230; *Carroll* v. *Hutchinson,* 172 Va. 43, 200 S. E. 644; *Seaboard Air Line R. Co.* v. *Terrell,* 149 Va. 344, 141 S. E. 231; *MacGregor* v. *Bradshaw, supra.*

The trial court, in its ruling on instructions, was more favorable to defendant than the facts justified, when it submitted the question of joint enterprise to the jury by granting Instructions Nos. 3 and D 12. After the jury had resolved the question in favor of plaintiff, and on motion to set the verdict aside, the trial court reversed itself and held that the husband was guilty of contributory negligence as a matter of law and that such negligence was imputable to plaintiff. It thereupon set the verdict aside and entered final judgment for defendant. We are not in accord with this ruling, as we do not think the negligence of the husband, if any, is imputable to plaintiff.

The uncontradicted testimony is that plaintiff is a housewife, engaged in no gainful occupation, and is entirely dependent upon her husband for maintenance and support. When asked if that was the only car that had been registered in her name, she said: "No car before that was registered to me. I don't know—other men were getting their women new cars, and I would say (to him) 'you had all the other cars, let me have one' and he laughed and said 'you would like to think you own a car' and that's a woman's weakness, I reckon."

The husband testified that he bought and paid for the autobile for the use of his family. While he had the title registered in his wife's name, he used the car at will, and especially in going to and from his place of business. Plaintiff used it just as she had used other automobiles formerly purchased by her husband and registered in his name. The entire expense of operation and maintenance was paid by the husband regardless of whether the automobile was used by him or his wife.

It is not unusual for a husband to buy a car for the use of his wife, title to which is sometimes registered in the husband's name and sometimes in the wife's name. When a husband is driving an automobile so acquired and registered, the presumption is that he is in absolute control, even though his wife is in the car with him, and in the absence of evidence to the contrary, he is solely responsible for its operation. *Rodgers* v. *Saxton,* 305 Pa. 479, 158 A. 166, 80 A. L. R. 280, 283.

The fact that title to an automobile is registered in the

name of a wife is not conclusive that she is the actual owner, and clothed with all the rights, benefits and liabilities flowing therefrom. *United States Cas. Co.* v. *Bain,* 191 Va. 717, 62 S. E. (2d) 814.

While plaintiff frequently used the automobile on short trips in and around Portsmouth, she seldom drove it when her husband was present. On the evening in question she drove the automobile to her husband's barber shop, where he took possession and control and retained control until the time of the collision.

Under the foregoing circumstances, registration of the title to the automobile in the name of plaintiff did not give her the right, as a matter of law, to exercise control over the operation of it when her husband was driving, nor is there any evidence tending to show that she attempted to exercise any such control, or make any suggestions about the route, or the manner in which the automobile was being operated, on this trip.

■ Marriage vows of husband and wife create a great joint venture. What is beneficial to one spouse is, or should be, beneficial to the other. What is detrimental to one is usually detrimental to the other. However, this relationship does not, in contemplation of law, make one the agent of the other. The husband is under legal and moral obligation, not only to support and maintain his wife, but to provide reasonable means for her recreation and pleasure. When performing any of these obligations, he acts for himself and not as agent of his wife.

The facts in *Rodgers* v. *Saxton, supra,* were that Catherine G. Rodgers, while riding on the front seat of a car owned by her, and driven by husband on a trip for their mutual pleasure, sustained personal injuries when her car collided with another driven by Fred F. Saxton. The action was defended on the ground that the husband was negligent and that his negligence was imputable to plaintiff. The jury returned a verdict for plaintiff, but stated in it that both defendant and the husband were guilty of negligence. Defendant moved to set the verdict aside on the ground that the contributory negligence of the husband was imputable to the wife. The trial court overruled the motion and entered judgment for plaintiff. On appeal to the Superior Court, the verdict was set aside and final judgment entered for defendant. On appeal to the Supreme Court of Pennsylvania, it was said:

" 'To hold that the facts, as shown here, constituted agency

would be carrying the principle of implied agency too far. If one is riding in a vehicle with another who is his agent or employee, he is responsible for his acts, but to hold that when a husband drives the car of his wife, she being in it, that he is her agent without any proof of how or under what circumstances he is driving it, is to go much further than the law has done or we are willing to do.' ''

\* \* \* \* \* \*

'''* * * The fact that Mrs. Rodgers and her husband had, in motoring at the time of the accident, a common purpose to reach Gettysburg, and later to enjoy a vacation together at Atlantic City, supports no inference that she had a share in the control of the car.''

Statutes have been enacted in New York, Minnesota, and other states, in which the owner is made liable for the negligence of any person who, with his consent, operates his car upon the highway. Even in such states, the contributory negligence of the husband, driving an automobile jointly owned by him and his wife, and in which she was riding at the time of the negligent act, is not imputable to the wife in an action by her against a third party to recover damages for personal injuries.

''Parties having equal legal title to a motor vehicle cannot be permitted to contend for the wheel in moving traffic and hence the imputation of negligence to the joint owner present upon the theory of equal legal right to domination or control is untenable * * *.

''The realities of the actual operation of vehicles on highways cannot be entirely overlooked in dealing with the rights and obligations of those present with the driver. * * *'' *Jenks* v. *Veeder Contracting Co.*, 177 Misc. Rep. 240, 30 N. Y. S. (2d) 278.

In *Christensen* v. *Hennepin Transp. Co.*, 215 Minn. 394, 10 N. W. (2d) 406, 147 A. L. R. 945, 952, 953, it is said: ''Ownership of an automobile in which the owner is riding, but which is being driven by another, does not establish as a matter of law right of control in the owner. Right of control may be surrendered, as it often is, where the owner parts with the possession of his car to another. In that situation the parties stand in the relationship of bailor and bailee. The negligence of a bailee in operating an automobile is not imputable to the bailor. * * * The existence of the marriage relation between the parties does

not change their relationship or liabilities with respect to bailed property."

As heretofore stated, plaintiff surrendered possession and control of the automobile to her husband at 7:00 p. m., and he continued in absolute control until the time of the accident. Painter was just as much a bailee in this case as Gorsuch was in *Virginia Ry., etc., Co.* v. *Gorsuch, supra.* See also *MacGregor* v. *Bradshaw, supra.*

Since we hold that the husband's negligence, if any, is not imputable to plaintiff, it is unnecessary to pass upon the question of his negligence.

The next question presented is whether the evidence is sufficient to sustain the finding of the jury that defendant was negligent. The evidence on this issue is in conflict. The jury having found in favor of plaintiff, under well settled rules we must consider the evidence in the light most favorable to her.

The jury were justified in believing from the evidence that the Painter automobile had stopped in the middle lane to enable the Lingon automobile, approaching at excessive speed in the westbound traffic lane, to pass; that if defendant had been keeping a proper lookout he would have seen the Painter automobile 600 feet before reaching the point of impact, but did not see it until he was within 100 feet of it, when he applied his brakes, causing his car to skid 23 steps from the west-bound lane into the middle lane, striking plaintiff's automobile with such force that it was knocked 100 to 150 feet.

Bobby Lockridge testified that he was approximately one-half mile from the scene of the accident, and heard the screeching of brakes and noise of the terrific impact. R. L. Lamb testified that he was asleep in his home 800 to 1000 feet from the scene, and was awakened by the noise of the collision. The pictures filed as exhibits show that each automobile was struck on its right front, indicating that, at the moment of impact, defendant's automobile was headed diagonally across the middle lane in a southwesterly direction, and that the Painter automobile was standing diagonally across the same lane, headed in a northeasterly direction.

The foregoing evidence is sufficient to support the finding of the jury that defendant was negligent and that his negligence was a proximate cause of the collision and resulting injuries to plaintiff.

Defendant contends that the trial court committed reversible error in admitting, over his objection, the testimony of two witnesses—George Bell and Roy Durrett. These witnesses testified that they were riding in the same car, going from Waynesboro to Staunton; that approximately four miles east of the scene of the accident, defendant passed them. One stated that defendant was driving 70 miles per hour, and the other said that he estimated the speed to be between 60 and 65 miles per hour.

Defendant failed to comply with Rule of Court 5:1, § 4, in that he did not serve on, or deliver to, opposing counsel, and file with the clerk of the trial court any assignments of cross-error. The rule expressly states "Only errors so assigned will be noticed by this court."

The judgment of the trial court is reversed, the verdict of the jury reinstated, and final judgment entered for plaintiff.

*Reversed and final judgment.*