## Richmond

ALBAN TRACTOR COMPANY

v.

WALTER RALEIGH SHEFFIELD AND
KITZMILLER CONSTRUCTION COMPANY

February 29, 1980.

Record No. 780370.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Norman F. Slenker (R. Craig Jennings; Slenker, Brandt, Jennings and O'Neal,* on brief), for appellant.,

*Quinton R. Corrie (Darryl L. Wyland; Anderson, Quinn, Wyland, Yost & Scanlin,* on brief), for appellees.

POFF, J., delivered the opinion of the Court.

Defendant Alban Tractor Company (Alban) appeals from a judgment order entered December 19, 1977, confirming a jury verdict for plaintiffs Walter Raleigh Sheffield and his employer, Kitzmiller Construction Company (Kitzmiller), on their action for contribution for the payment of a judgment acquired against them.

On December 16, 1971, Sheffield asked Alban to repair a disabled bulldozer located on a Kitzmiller construction site. Larry Koogle, Alban's employee, arrived at the site and parked Alban's repair truck on the shoulder of the road near a ditch. Finding that he did not have the parts necessary to complete the repairs, Koogle returned to the truck. As he attempted to leave, the truck slid into the ditch and "got stuck". Koogle and Sheffield attached a chain to the rear bumper of the truck and to the bucket of Kitzmiller's backhoe. With Sheffield operating the backhoe and Koogle the truck, they attempted to free the truck from the ditch. The backhoe "jackknifed" across the highway and was struck by a van driven by Kirby Updike. David Preston Hughes, a passenger in the van, was injured in the collision.

Hughes sued Sheffield and Kitzmiller, won a verdict of $100,000, and accepted $97,000 in satisfaction of the judgment. Sheffield and Kitzmiller then brought the instant action for contribution against Alban and Updike. Although plaintiffs' motion for judgment alleged that Koogle was negligent and that his employer, Alban, was derivatively liable, the jury was never instructed on that theory. Rather,

over Alban's objection, the trial judge instructed the jury that, if they believed Alban and Kitzmiller had been engaged in a joint enterprise and that Kitzmiller's employee, Sheffield, had been negligent, Alban was "responsible for and charged with" that negligence. So instructed, the jury awarded plaintiffs a verdict of $48,500 against Alban. (The jury found in favor of Updike.)

Alban contends that, on its motion to strike, the trial judge should have ruled, as a matter of law, that the parties had not been engaged in a joint enterprise and that he erred in submitting the case on that theory to the jury. We agree. Accordingly, we do not decide the alternative question Alban raises, *viz.*, whether a wrongdoer who is a party to a joint enterprise is entitled to contribution from an innocent party to the enterprise.

In *Miller* v. *Query*, 201 Va. 193, 197, 110 S.E.2d 198, 201 (1959), and in numerous cases cited therein, we reaffirmed the following definition of the doctrine of joint enterprise first quoted by this Court from *Campbell* v. *Campbell*, 104 Vt. 468, 470, 162 A. 379, 380 (1932), in *Miles* v. *Rose*, 162 Va. 572, 588, 175 S.E. 230, 236 (1934):

> "To constitute a joint enterprise within the meaning of the law, the parties must have a community of interest in the object and purpose of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto."

The negligence of one participant in a joint enterprise is imputed to all participants. "The principles involved are analogous to those which apply to principal and agent; each is the agent of the other." *Carroll* v. *Hutchinson*, 172 Va. 43, 53, 200 S.E. 644, 648-49 (1939).

Both elements of the joint enterprise test, community of interest and equality of the right to control, require factual determinations. The state of the evidence may, however, render the joint enterprise issue a question of law.

> "When the question of whether two or more parties were engaged in a joint enterprise becomes pertinent, such question must be determined as any other factual issue; that is, if the evidence is in conflict, or if reasonable men may differ as to the proper inferences to be drawn from the uncontradicted testimony, a jury question is presented; otherwise, it is a question of law to be determined by the court."

*Painter* v. *Lingon,* 193 Va. 840, 845, 71 S.E.2d 355, 358 (1952).

■ So far as material here, the facts as related by Koogle and Sheffield are not in dispute. Those facts fully satisfy the first element of the joint enterprise test; it was in the business interest of both Alban and Kitzmiller to remove Alban's truck from the ditch so Koogle could acquire the parts necessary to repair Kitzmiller's bulldozer. But while the evidence shows there was a joint undertaking for a mutual benefit, we find nothing in the record to support a conclusion that Koogle and Sheffield had "an equal right to direct and govern the movements and conduct of each other in respect to" the undertaking. Sheffield had no right to control Koogle's operation of Alban's truck, and Koogle had no right to control Sheffield's operation of Kitzmiller's backhoe. Neither was "the agent of the other."

Since the facts in this case are uncontradicted and the inferences they raise do not reasonably support a finding that the parties were engaged in a joint enterprise, we hold that the trial court erred in submitting that question to the jury. The judgment order will be reversed and final judgment entered here for Alban.

*Reversed and final judgment.*