## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Wilford F. Lawson

v.

Derick B. Williamson

November 16, 1984

Case No. (Law) 9266-FB

By JUDGE FRED W. BATEMAN

The plaintiff, Wilford F. Lawson, was the titled owner of a motor vehicle that was involved in an accident on November 28, 1983, while operated by his son, John W. Lawson, with another vehicle operated by the defendant, Derick B. Williamson. The plaintiff Lawson maintains that he was a bailor and consequently any negligence on the part of John W. Lawson would not be imputable to him.

By stipulation [it was] agreed. . . that the Lawson vehicle was titled in the name of Wilford F. Lawson, of Mattaponi, Virginia. John W. Lawson, son of Wilford F. Lawson, was operating the Lawson vehicle at the time of the alleged accident. Further, at the time of the alleged accident and for a period of one or two years prior thereto, John W. Lawson was a student at Christopher Newport College and was residing in Newport News. The Lawson vehicle was acquired some four or five years prior to the accident and John W. Lawson provided all or most of the money to acquire the vehicle, which was titled in the name of Wilford F. Lawson because John W. Lawson was not then of age to legally own the car, and also the car was insured under the policy of Wilford F. Lawson.

The suit comes on appeal from a decision of the lower court holding that both drivers were negligent, but refusing to allow the defendant Williamson to go behind the certificate of title to establish the identity of the actual owner of the vehicle. This court [is asked]

to decide whether or not Wilford F. Lawson was the true owner of the vehicle and entitled to exercise the bailment defense with respect to the imputation of negligence.

Fundamentally, the ownership of a motor vehicle may be evidenced by possession of a bill of sale, certificate of title or certificate of registration.

The Court has examined a number of Virginia cases, including those cited in the briefs submitted in this case, dealing with the bailor and bailee relationship. While these cases are concerned with liability insurance coverage, their reasoning is applicable in deciding the issue of whether or not one may go behind a Division of Motor Vehicles certificate of title to establish true ownership. The prevailing rule in Virginia is that title certificates, bills of sale, etc. are merely prima facie evidence of ownership. In *Painter v. Lingon,* 193 Va. 840, 71 S.E.2d 355, 359 (1952), where the title to an automobile was registered in the name of the wife, the Court observed that such fact was not conclusive evidence that she was the owner thus inferring that such evidence could be rebutted. Likewise, *United States Casualty Company v. Bane,* 191 Va. 717 (1951), *Scott v. State Farm,* 202 Va. 579 (1961), and *Buckeye Union Casualty Company v. Robertson,* 206 Va. 863 (1966), support the theory that a certificate of title is only prima facie evidence of ownership. This Court is of the opinion that such prima facie evidence can be overcome by appropriate evidence that the true owner is a person other than the one in whose name the vehicle is registered, either by certificate of title, certificate of registration or bill of sale.

In conclusion, the Court is of the opinion that John W. Lawson was the true owner of the vehicle in question and as such he could not be a bailee; see *K B Corp. v. Gallagher,* 218 Va. 381 (1977), where the Court broadly defined a bailment as the rightful possession of goods by one *who is not the owner* (italics added).