## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Cooper

v.

Fowler and Fox

September 10, 1987

By JUDGE WILLIAM H. LEDBETTER, JR.

In this personal injury action, the plaintiff (Cooper) seeks to recover for damages allegedly incurred as the result of an automobile accident on Route 3 in Spotsylvania County on October 24, 1984. Fox was operating the van in which Cooper was a passenger. Fowler was the operator of a second vehicle involved in the accident.

In addition to responsive pleadings, the defendants have filed pleadings alleging that Cooper and Fox were involved in a joint enterprise at the time of the collision, and, therefore, any negligence of Fox is imputed to Cooper. Fox contends that this imputation of negligence makes Cooper guilty of contributory negligence, as a matter of law, and bars recovery. Fowler carries the argument a step further. She asserts that earlier determinations of Fox's negligence in companion cases tried in this court are binding on Cooper in this litigation, since she was in privity with Fox as a part of the joint enterprise; and, she says, such negligence of Fox is imputed to Cooper, thereby precluding recovery.

Fowler has asserted these matters in a plea in bar; Fox has filed a pretrial motion.

At the hearing on the plea and motion on September 8, 1987, the defendants' evidence consisted of the testimony of William A. Davis. Davis testified that he is president

of Fredericksburg Commuters Association, Inc., a Virginia nonstock corporation which owned the van which Fox was operating (and in which Cooper was a passenger) at the time of the accident. Cooper and Fox were members of the corporation, which was organized in 1984 for the purpose of providing "van pooling" for Fredericksburg area residents commuting to work in Washington, D.C. Members paid a $5.00 membership fee and thereafter were charged transit fares payable biweekly in advance.

There are thirty members of the corporation, each of whom is entitled to one vote in the election of the board of directors. The board consists of four directors. Officers are elected by the board of directors. Although neither the articles of incorporation nor the bylaws of the corporation were offered as evidence, Davis stated that the articles and bylaws contain only "the usual" provisions land that they include nothing which substantially alter the statutory duties and responsibilities of members, directors and officers.

Any member can apply to the board of directors to be a driver. If, after conducting driving tests, the board decides to use a member as a driver, the driver is given a substantial discount from the transit fares. Drivers can be removed by the board of directors.

The doctrine of joint enterprise, or joint adventure, has been presented frequently over the years due to the multitude of automobile accidents in which the negligence of the operator of the vehicle is sought to be imposed on a passenger in the vehicle. At first, many courts gave the doctrine an expansive application (see, e.g., *Washington and Old Dominion Railway Co. v. Zell*, 118 Va. 755 (1915), since overruled.) More recently, most courts, including the Virginia Supreme Court, have narrowed the scope of the doctrine by reference to certain articulated tests.

In *Miller v. Quest*, 201 Va. 193 (1959), the Court, citing previous decisions and recognized treatises, emphasized that the joint enterprise which will render the negligence of a driver imputable to a person riding with him must invest such person with some voice in the control and direction of the vehicle. "The rule is founded upon the doctrine of principal and agent," the Court said. The passenger must be so related to the driver as that the

maxim "Qui facit per alium facit per se" (He who acts through another acts himself) is applicable. The *Miller* court applied a two-pronged test: first, there must be a community of interest in the object and purpose of the undertaking; and, second, there must be an equal right to direct and govern the movements and conduct of each in respect to the enterprise.

In *Alban Tractor Co. v. Sheffield*, 220 Va. 861 (1980), the court addressed the method by which the joint enterprise issue is resolved in automobile accident litigation. Conceding that factual determinations may sometimes be needed, often there is no material dispute of the facts, no contradicted testimony, so that the question is one of law for the trial court to decide. There, the Court found that there was "no equal right to direct and govern the movements and conduct of each other," and neither was an "agent of the other," and therefore the negligence of one party could not be imputed to the other by use of the doctrine of joint enterprise.

Here, the facts with reference to the nature and structure of the van pool, of which both Cooper and Fox were members, are not in dispute. The testimony is not contradicted. The van pool is a corporation, organized for the purpose discussed above. Its powers are exercised by or under authority of and the business of the corporation managed under the direction of, a board of directors. *See* Virginia Code § 13.1-853.

In 1981, the Virginia General Assembly enacted "ridesharing" statutes to provide incentives for van pools, car pools, etc., of not more than sixteen persons. The ridesharing arrangements are exempt from various insurance, special equipment, and similar laws applicable to commercial carriers; drivers do not have to obtain chauffeur's licenses; workmen's compensation laws do not apply; and drivers who, like Fox, receive discounts from full transit fares do not have to report such discounts as income on their Virginia income tax returns. Nothing is provided in the legislation which is remotely relevant to the question before the court in this case.

Applying the two-pronged test of *Miles v. Rose*, 162 Va. 572 (1934), *Miller* and *Alban Tractor*, the court is of the opinion that Cooper and Fox were not engaged in a joint enterprise or adventure so as to impute any

negligence of Fox to Cooper. Of course, both of them derived mutual benefit--along with 28 other members of the corporation--from the ridesharing arrangement. But, as stated in *Miles*, there must also exist such a relationship between the parties as to entitle each of them "to exercise a voice as to the manner in which the [vehicle] shall be controlled and operated while making the trip." This element is missing here.

The defendants argue that the evidence (i.e., the testimony of Davis) establishes the right of Cooper to an equal voice as to the operation and direction of the enterprise. The "equal voice" afforded shareholders of stock corporations and members of nonstock corporations under corporate law is not the "equal voice" referred to in the doctrine of joint enterprises. Ownership of stock or membership in a corporation does not create a principal-agency relationship among such persons; and, although it is obvious that such persons have a mutuality of interest and all of them have a voice in the venture, the law does not impute the negligence of one to the others.

Here, it can be said, the members play a dual role, or wear two hats: they are members of the corporation *and* they avail themselves of the services offered by the corporation. By the very nature of the corporation, no one would want to be a member unless he or she also utilizes its ridesharing services. In her role as a user of services, Cooper was one of 15 passengers. She had no right whatever to direct and govern the movements and conduct of Fox or anyone else in the van. She paid her fare and was taken along an established route to the destination. Fox was not her agent nor was she Fox's agent for any purpose. Admittedly, as a member of the corporation she could complain to an officer or director of the corporation about Fox's "movements and conduct," and such a complaint might give rise to disciplinary action or removal. Nevertheless, the evidence is clear that the direction, control and government of the corporation and its activities resided with the board of directors of the corporation.

For the foregoing reasons, the defendants' plea and motion are denied and overruled.