150

## CIRCUIT COURT OF FAIRFAX COUNTY

Stitt

v.

Nautilus Enterprises, Inc.,
Sport and Health, Inc.,
and John H. Ariail, Jr.

April 25, 1989

Case No. (Chancery) 109237

By JUDGE LEWIS HALL GRIFFITH

This case is before the Court on the demurrer of two defendants, Sport and Health, Inc., and John H. Ariail, Jr., to the bill of complaint filed by the County of Fairfax.

The County alleges that Sport and Health, Inc., and Nautilus Enterprises, Inc., signed a joint venture agreement in 1984. Thereafter, Nautilus represented to consumers that if they purchased a Nautilus membership, they would have unrestricted access to Courts Royal facilities, which are owned by Sport and Health. Nautilus members were allowed unrestricted access to Courts Royal until June of 1987, when they were notified that they would be charged $1.00 per visit. Nautilus' membership agreements did not reserve the right to charge a fee or increase the cost of access to either club. Based upon these facts, the County alleges that the defendants violated the Virginia Consumer Protection Act of 1977 by misrepresenting their

affiliation, by failing to disclose material facts in the membership contracts, and by providing false or misleading information to consumers.

The defendants' first arguments for the demurrer are related and will be considered together. The defendants argue that although the plaintiff may have alleged a claim against the Nautilus defendant, the plaintiff has not alleged sufficient facts to find that Sport and Health and Ariail violated the act. Furthermore, the defendants argue that only Nautilus was involved in transactions with the consumers.

I do not agree. The defendants signed an agreement which created a joint venture between themselves. A joint venture is a form of a partnership, and each individual acts as a principal for himself and as an agent for the others. *Alban Tractor Co. v. Sheffield*, 220 Va. 861 (1980). A principal is liable for the acts of his agent which are within the scope of his employment. Therefore, Sport and Health and Ariail are liable for the acts to the same extent as Nautilus. Furthermore, the demurring defendants have had sufficient contact with the consumers on their own because they have allowed Nautilus' members to use their facilities. The demurrer on these grounds is denied.

The second argument advanced by the defendants is that the plaintiff may not rely on statements made at the show cause hearing as a basis for proving violations. The bill of complaint alleges that prior to the filing of this action, the parties had a meeting where they discussed the possibility of executing assurances of compliance. The President of Nautilus stated that he was coerced by Sport and Health into notifying members of the extra fee, that this fee was in violation of the contract between the defendants, and that the fee was charged to discourage Nautilus members from using Courts Royal facilities.

The defendants argue that this meeting was a settlement discussion, and the statements made cannot be used to show guilt. The plaintiff argues that this meeting was not a settlement discussion and that the statements were express admissions of liability which are always admissible. The Court finds for the defendants on this ground. If the statements could be used as proof of a violation, defendants would be discouraged from resolving these cases. This policy in favor of resolution is supported by Virginia

Code § 59.1-202(A), which prohibits the use of an assurance of compliance as an admission of guilt. This ground for demurrer is sustained.

Finally, defendant Ariail argues that there is no allegation that he acted outside of his corporate capacity and cannot be held personally liable. The plaintiff argues that agents of a corporation are personally liable when a corporation violates the law. The Court finds for the 'plaintiff on this issue. The Supreme Court of Virginia has held that "a corporation can act only through its officers and agents, and where the business itself involves a violation of the law, the correct rule is that all who participate in it are liable." A contrary rule "would in many instances afford immunity to the chief offenders, the officers of the corporation, without whose assistance it would be impossible for the corporation to engage in the prohibited business." *Crall v. Commonwealth*, 103 Va. 855, 859 (1905). *See also, Bourgeois v. Commonwealth*, 217 Va. 268 (1976).

In conclusion, the demurrer is denied as to Counts I and III and sustained as to Count II.