## CIRCUIT COURT OF FAIRFAX COUNTY

James Ross et al.

v.

Laurel Glen
Homeowners Association, Inc.

August 4, 1997

Case No. (Chancery) 149547

BY JUDGE THOMAS S. KENNY

This matter is before the Court on the issue of whether the Laurel Glen Homeowners Association ("the Association") has the authority to undertake certain proposed modifications to the southern section of Laurel Glen Road within the scope of a multi-purpose easement created in the Deed of Dedication of the Laurel Glen subdivision. The Court rules that the Association does not have the authority to undertake the proposed modifications to Laurel Glen Road under the restrictive covenants to the Deed of Dedication before the Court and, accordingly, grants Plaintiffs' petition for a temporary injunction.

### I. *Background*

On May 12, 1997, Plaintiffs James and Joanne Ross, co-owners of Lot 10 of the Laurel Glen subdivision, filed a petition for a temporary injunction to restrain the Laurel Glen Homeowners Association from undertaking modifications to the southern portion of Laurel Glen Road, a private road serving the lots in the Laurel Glen subdivision. The Association proposes to modify the southern portion of Laurel Glen Road to facilitate private and emergency vehicle access to Lot 9. Plaintiffs allege the proposed modifications violate a multi-purpose easement contained in the Plat to the Deed of Dedication creating the Laurel Glen subdivision by encroaching on

their lot and the alleged exclusive bridle trail, destroying the hardwood trees screening their property, and endangering the septic sewer lines extending under the existing roadway. The Court held a hearing on Plaintiffs' petition for a temporary injunction on May 29, 1997, at which time the Court *sua sponte* raised the issue of whether the Association, in the first instance, has the authority to undertake any modifications to Laurel Glen Road on the lot owners' behalf. The court requested and received briefs from counsel on that point. In considering the easement and restrictive covenants to the deed of dedication for the subdivision, the Court finds the Association lacks such authority.

## II. *Analysis*

### A. *Association's Responsibilities under Original and Amended Restrictive Covenants*

The Deed of Dedication creating the Laurel Glen subdivision established in its incorporated Plat, recorded on June 14, 1977, a multi-purpose easement for "ingress and egress, bridle trails, emergency vehicles and utilities" to serve the thirteen subdivision lots. The restrictive covenants incorporated in the Deed of Dedication bestow on the Association the responsibility for "the maintenance of community property which shall include roads ... ." Restrictive Covenants, Schedule B, at ¶ 2. Laurel Glen Road, a private road constructed pursuant to the multi-purpose easement for ingress and egress held by all lot owners, qualifies as community property. Accordingly, the Association has responsibility for the "maintenance" of Laurel Glen Road under the original restrictive covenants.

On August 24, 1994, one joint owner for each of nine out of the thirteen lots executed amended restrictive covenants for the Laurel Glen subdivision expanding the scope of the Association's responsibilities. Under the amended restrictive covenants, the Association has the responsibility for "the maintenance, modification, repair, and/or replacement of all community property which shall include Laurel Glen Road, any bridle trails, and the subdivision entrance."[1] Therefore, the amended restrictive covenants, if valid,

---

[1] As noted in the Association's brief on this issue, a majority of all lot owners, including both co-owners for each lot, executed second amended and restated restrictive covenants for the Laurel Glen subdivision on June 3, 1997. The second amended restrictive covenants mirror the Association's responsibilities under the first amended restrictive covenants. Nevertheless, the Court is unable to consider the second amended restrictive covenants in its ruling on this matter since they postdated the Court's hearing of May 29, 1997, on Plaintiffs' petition for

would confer the Association with the authority to carry out on behalf of the lot owners a wider range of proposed changes to Laurel Glen Road exceeding the scope of mere "maintenance," as set forth under the original restrictive covenants.

The question remains whether the work the Association seeks to have completed on Laurel Glen Road falls in the category of "maintenance" or "modification." Based on the evidence presented at trial and the pleadings before the Court, the Court finds the proposed work exceeds the scope of mere maintenance and qualifies as a modification. The plain meanings of the words "maintenance" and "modification" speak for themselves. The proposed work would entail widening the road and creating cul de sacs. Consequently, the Association does not have the authority to implement the proposed changes to Laurel Glen Road on behalf of all lot owners under the original restrictive covenants. Such changes, however, would fall within the scope of the Association's responsibilities under the amended restrictive covenants.

## B. *Reasonableness of Proposed Modification to Laurel Glen Road*

In addition to considering whether proposed changes fall within the scope of the Association's responsibilities, the Court also must decide whether such changes are reasonable. Under *Hayes v. Aquia Marina*, 243 Va. 255 (1992), the owner of a dominant estate has the right to make only "reasonable" improvements to an easement. Likewise, the Association, in its representative capacity for the lot owners, has the right to make only "reasonable" improvements to Laurel Glen Road. An improvement is reasonable if the proposed expansion does not "in and of itself" impose an "additional burden" upon the easement, even though the "degree of burden" may be increased. *Hayes*, at 260. In the case at hand, the easement was for "ingress and egress, bridle trails, emergency vehicles, and utilities." The proposed changes to Laurel Glen Road do not impose an additional burden on the easement. Rather, the changes would provide access to emergency vehicles where such access is not available. The Court further rejects Plaintiffs' argument that the proposed changes are unreasonable by interfering with a mutually-exclusive road and bridle trail easement. The recorded easement does not create an exclusive bridle trail easement. Consequently, the Court finds that the proposed changes are reasonable.

---

injunctive relief and are not part of the pleadings or proof in this matter. The Court makes no ruling as to whether the proposed improvements to the road would be permissible under the June 1997 amendments.

## C. *Validity of Amended Restrictive Covenant*

While the proposed improvements to Laurel Glen Road are both reasonable and within the scope of the Association's responsibilities as delineated in the amended Restrictive Covenants (¶ 2), the Court, nevertheless, rules that the Association does not have the authority to make the proposed changes to Laurel Glen Road on behalf of the lot owners because the amended restrictive covenants are invalid. Under paragraph 16 of the original restrictive covenants, "the covenants shall be automatically extended for successive periods of five years unless an instrument signed by a majority of the then owners of the lots has been recorded agreeing to change said covenants in whole or in part." Only one co-owner for each of a majority of the lots, apparently acting without a power of attorney from the other co-owner, signed the amended and restated restrictive covenants of August 24, 1994. It takes both co-owners to effect a change to property held as tenants by the entirety. *See, e.g., Smith v. Smith*, 200 Va. 77 (1958) (holding that neither husband nor wife can defeat, by a separate act, the rights of the other in an estate by the entirety); *Jones v. Conwell*, 227 Va. 176 (1984) (same); *Painter v. Lingon*, 193 Va. 840, 847 (1952) (holding that a marriage relationship does not make one spouse an agent for the other). Thus, no single lot validly participated in the 1994 amendments, much less a majority. Since the lot owners did not follow the proper procedure for amendment, the Court finds the amended and restated covenants to be invalid. The language of the original restrictive covenants alone, therefore, defines the scope of the Association's responsibilities.

Since the proposed changes to Laurel Glen Road exceed the scope of the Association's responsibility for road maintenance under the original restrictive covenants, the Association does not have the authority to carry out the proposed changes to Laurel Glen Road. The Court grants Plaintiffs' petition for a temporary injunction.