FRANCES LUCEY, p. a. *vs.* JOHN F. ALLEN.

JOHN J. PRENDERGAST *vs.* SAME.

HELEN M. PRENDERGAST *vs.* SAME.

JUNE 29, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Evidence.  Exclusion not Error, When.*

The exclusion of a proper hypothetical question does not constitute reversible error, when the purpose of the question was to show the negligence of a party and the jury found him to have been negligent.

*(2)  Bill of Exceptions.  Stating Exceptions.*

An exception "to the ruling of the court refusing to grant plaintiff's request to charge numbered 1, 2 and 3, page 265 of the transcript" offends against the provisions of the statute requiring a party to state in his bill the exceptions relied upon, "separately and clearly."

*(3)  Negligence.  "Family Automobile."  Principal and Agent.*

In the case of a "family automobile" the owner is chargeable with the negligence of another member of the family who is driving, if the owner is a passenger and it is being used for a purpose in the accomplishment of which the owner is interested for in such circumstances the relation of principal and agent arises between the owner and the driver.

*(4)  Negligence.  Automobiles.  Contributory Negligence.  Guest of Driver.*

The negligence of the driver of an automobile cannot be imputed to a guest who was a passenger in the car and who was in no way guilty of contributory negligence.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of plaintiffs.  Exception of Frances Lucey sustained other exceptions overruled.

SWEETLAND, C. J.   Each of the above entitled cases is an action of trespass on the case to recover damages for personal

injury and in the case of plaintiff Helen M. Prendergast also for injuries to an automobile. All of said injuries it is alleged were received in a collision between an automobile operated by the plaintiff John J. Prendergast and one operated by the defendant Allen, which collision it is alleged was caused by the negligence of the defendant Allen. The automobile operated by John J. Prendergast was owned by the plaintiff Helen M., wife of said John J.

These three cases were tried together before a justice of the Superior Court sitting with a jury and at the same time there was tried before said justice and jury the action of trespass on the case of Allen against John J. Prendergast to recover damages for injury to the automobile of Allen arising from said collision, which Allen alleges was brought about by the negligence of Prendergast. The trial resulted in a verdict for the defendant in each of said four cases. Each of the four plaintiffs duly filed a motion for new trial, all of which motions were denied by said justice. The plaintiff Allen has not sought to bring his action to this court for review. Each of the other three cases are before us upon the plaintiff's exception to the action of said justice denying the motion for new trial and upon exceptions to the rulings of said justice made in the course of the trial.

The collision in question occurred at or near the intersection of River and Division streets in Pawtucket. Just before the collision the defendant Allen was proceeding westerly on Division street and approaching River street, and John J. Prendergast, with whom was riding the plaintiffs, Frances Lucey and Helen M. Prendergast, was proceeding southerly on River street intending to turn easterly into Division street. On the northeast corner of Division and River streets there is a building situated on the lot line on each street, creating what has been called a "blind corner." The testimony of Allen is that as he approached River street he sounded his horn and that just before he reached River street Prendergast came out of River street, cut diagonally across said "blind corner" and struck Allen's

machine on its left front corner, while Allen was on his right side of Division street and before Allen had reached the easterly line of River street. The testimony of Prendergast is that as he approached Division street he sounded his horn and proceeded along the extreme right side of River street until he reached the northwest corner of River and Division streets; that he then with a broad turn to the left proceeded easterly to his right side of Division street; that after he had reached the center of Division street, leaving ample space for Allen to pass to the rear of the Prendergast car on Allen's right side of Division street, Allen negligently drove his car into the left side of the Prendergast car. The question of the negligence of each of these drivers was submitted to the jury with instructions by the court. Unquestionably in the collision the automobile of Allen was injured and Prendergast received personal injuries, the verdict of the jury indicates, therefore, that it found each driver guilty of negligence contributing to his own injury. This finding of the jury has been approved by said justice. After an examination of the evidence we find no sufficient reason to set aside the decision of said justice supporting the verdict in the case of Mr. Prendergast.

The plaintiff excepted to the ruling of said justice excluding a hypothetical question asked of the witness Davis with reference to the space within which the car of the defendant Allen could have been stopped in the circumstances immediately preceding the collision. In our opinion the justice might reasonably have permitted the question to be asked of the witness, who was clearly an expert in the use and operation of automobiles; but we think its exclusion should not be regarded as reversible error affecting the verdict, since the purpose of the question was to show the negligence of Allen, and the jury has found him to have been negligent.

The plaintiff has set out in his bill of exceptions the following: "2. Exception to the ruling of the Court refusing to grant plaintiff's request to charge numbered 1, 2, and 3, page 265 of the transcript." This is apparently

intended as the statement of exceptions to three rulings of said justice refusing to charge as requested by the plaintiff. It offends against the provisions of the statute requiring a party prosecuting exceptions to state in his bill the exceptions relied upon "separately and clearly." *Blake* v. *Atlantic National Bank,* 33 R. I. 109; *Dunn Worsted Mills* v. *Allendale Mills,* 33 R. I. 115. If we overlooked that defect we would still be unable to consider the exceptions as no request of the plaintiffs to charge appears on page 265 nor elsewhere in the transcript. Neither have they been brought before us by petition to establish the truth of the exceptions. All of the exceptions in the case of John J. Prendergast against Allen are overrruled.

In the cases of Mrs. Prendergast and Miss Lucey the question arises as to whether the negligence of Mr. Prendergast in operating the automobile should be imputed to them. Plaintiffs' counsel has referred us to a number of cases in which it has been held that a wife, riding in an automobile driven by her husband, is not chargeable with the husband's negligence in operating said automobile, when the wife does not exercise or attempt to exercise any control over such operation. If in this case the negligence of Mr. Prendergast is imputed to his wife, such determination would not be made because of the marital relation, but because she was the owner of the automobile, that it was being operated by the husband for the wife in furtherance of a purpose in which she was an interested party, and because from those circumstances the relation of principal and agent would arise between Mrs. Prendergast and her husband. It appears that at the time of the collision the Prendergasts were returning from a day's outing at Pearl Lake near Franklin, Massachusetts; that for the purpose of carrying out this day of pleasure in which she was interested and took part she had furnished her automobile and being unable to operate it herself she had procured her husband to run it. In accordance with the rule of agency applicable with reference to a so-called "family auto-

mobile," the owner is undoubtedly chargeable with the negligence of another member of the family who is driving, if the owner is a passenger and it is being used for a purpose in the accomplishment of which the owner is interested. In such circumstances the relation of principal and agent arises between the owner and the member of the family driving the machine. The motion for new trial in the case of Mrs. Prendergast *v.* Allen was properly denied.

The plaintiff Frances Lucey was a young girl about fourteen years of age who was a guest of the Prendergasts upon this outing. The jury found that Mr. Allen was negligent; the negligence of Mr. Prendergast is not to be imputed to Miss Lucey, and no claim is made that she was in any way guilty of contributory negligence. The uncontradicted evidence is that she suffered injury which was not very severe but which would entitle her to compensation from the defendant Allen. It was error to deny her motion for new trial.

The exceptions of Mr. and Mrs. Prendergast are all overruled and the cases in which they are plaintiffs are ordered remitted to the Superior Court for the entry of judgment upon the verdict in each case.

The exception of Frances Lucey to the decision of said justice denying her motion for new trial is sustained. Her case is remitted to the Superior Court for a new trial.

*E. Raymond Walsh,* for plaintiffs.

*Henry M. Boss, Jr., Curtis, Matteson, Boss & Letts,* for defendant.