No. 26,341.

JOSEPH M. HOWARD, *Appellee*, v. BUFORD ZIMMERMAN, *Appellant*.

SYLLABUS BY THE COURT.

MOTOR VEHICLES—*Liability for Death—Joint Enterprise—Imputable Wantonness*. The facts considered, and *held*, two boys who borrowed an automobile together and took two girls riding, were engaged in a joint enterprise, in which each had equal control over operation of the vehicle; and the wantonness of the driver in colliding with a buggy and killing one of its occupants, was imputable to his associate, who at the time of the accident was riding in the rear seat of the automobile.

Appeal from Rice district court; ELRICK C. COLE, judge *pro tem*. Opinion filed January 9, 1926. Affirmed.

· *W. W. Stahl*, of Lyons, *C. M. Williams* and *D. C.· Martindell*, both of Hutchinson, for the appellant.

*D. A. Banta*, of Great Bend, and *Ben Jones*, of Lyons, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from the death of plaintiff's wife, who was killed through negligent operation of an automobile in the rear seat of which defendant was riding. Plaintiff recovered, and defendant appeals. ·

---

Appeal and Error, 4 C. J. p. 914 n. 84. Enterprise, 20 C. J. p. 1267 n. 63, 69. Motor Vehicles, 28 Cyc. p. 40 n. 43. Negligence, 29 Cyc. p. 487 n. 17. Torts, 38 Cyc. p. 487 n. 8.

Defendant is a minor, and lives at Sterling. He and Orville Higbee were in the habit of taking automobile journeys together for pleasure. On a Sunday evening they agreed they would go to defendant's father and together ask him for one of his cars to take two girls automobile riding. They did so; permission to use the car was granted, and the four young persons went to Hutchinson. Defendant drove from Sterling to Nickerson. At Nickerson, Higbee took the driver's seat and drove to Hutchinson. On the way home, defendant drove from Hutchinson to Nickerson, and Higbee drove from Nickerson to the place where the accident occurred. When Higbee was driving, defendant sat in the rear seat.

The road from Nickerson to Sterling is paved. Plaintiff lived on a farm west of Nickerson. His family consisted of his wife and a boy nine years old. On the evening in question they attended church in Nickerson, going in a buggy drawn by a single horse. Two miles west of Nickerson a north and south highway crosses the paved road. On the way home, and near the intersection, plaintiff noted the lights of an automobile approaching behind him. His horse and the left wheels of the buggy were on the pavement, and the right wheels were off the pavement on the north side. When plaintiff saw the lights, he pulled the horse off the pavement and as far to the right as he could without getting into the ditch. The approaching car was the Zimmerman car. It struck the buggy, completely demolished it, killed plaintiff's wife outright, and injured the little boy. Ruther Meadors, traveling in his automobile eastward on the south side of the road, met plaintiff at a point near the east edge of the highway intersection, and then met the Zimmerman car. Meadors was about twenty feet east of the intersection when he heard the collision. He said the Zimmerman car was traveling at a speed of from forty-five to fifty miles per hour. After striking the buggy, the car crossed the road at an angle of about forty-five degrees, struck the south bank of the ditch at the south side of the road, righted itself, ran westward up the ditch, and turned north toward the pavement at a point 300 feet west of the place where the collision occurred.

The court instructed the jury that, in order to render defendant liable for Higbee's negligent operation of the car, it was necessary that the two should have been engaged in a common purpose or enterprise and should have had joint control of the automobile at the time of the accident; and if the jury believed the two were out for a com-

mon purpose and had joint control and equal control of the automobile at the time of the accident, it would make no difference which one was driving. The jury found that Higbee was negligent in that he was driving too fast, and returned the following finding:

"Did the defendant have any control or the right to control Orville Higbee as to the manner in which he would operate said car while the same was being driven by Orville Higbee, or did the said Orville Higbee have any control or the right to control the manner in which said car was being driven while the same was being operated by the defendant?   A. Yes."

Defendant contends that, since the evidence was undisputed, the court submitted to the jury a question of law. If so, defendant may not complain, because he requested the court to give an instruction which left to the jury the question whether defendant and Higbee were engaged in a joint enterprise and were in equal control of the car. Besides that, defendant's brief contains an argument, based on the evidence, directed to the proposition that defendant did not in fact have joint control with Higbee of the automobile at the time of the accident.

The term "joint enterprise" is not helpfully elucidated by definition. An enterprise is simply a project or undertaking, and a joint enterprise is simply one participated in by associates acting together. The basis of liability of one associate in a joint enterprise for the tort of another is equal privilege to control the method and means of accomplishing the common design. If the means employed be an instrumentality negligent use of which inflicts injury, the associate whom the law regards as participating in the conduct of the actor must have had equal control over its use. This control, however, need not have extended to actual manipulation at the time injury was inflicted. It is sufficient that, at the beginning of the enterprise, or as it progressed, or at any time before the tortious event, he possessed equal authority to prescribe conditions of use.

In this instance, the enterprise was a joint one. The two boys together borrowed an automobile to take two girls riding. The girls were guests, but neither boy was guest of the other, or a mere passenger while the other was driving. Each one had equal authority to say whether they should go southeast to Hutchinson, or northwest to Ellinwood, and whether one should drive to Hutchinson, and the other from Hutchinson back to Sterling, or alternate more frequently at the wheel. Each one had equal authority to decide how much time should be spent at Hutchinson, and when they

should get back to Sterling. Each one had equal authority over manipulation of the instrumentality by which the undertaking was to be accomplished and, as a matter necessarily involved, had equal authority with respect to speed.

It was stipulated that plaintiff suffered actual damages in the sum of $799.10. The verdict was for $5,799.10. Defendant contends the evidence was not sufficient to show that plaintiff's actual damages beyond the stipulated sum were as much as $5,000. Meagerness of the evidence is not important. The court submitted to the jury the subjects of wantonness and punitive damages, and the jury were not required to itemize damages allowed.

The excuse given by defendant and Higbee for not seeing plaintiff's buggy in time to avoid collision, considered with the rate of speed at which the automobile was moving, made a clear case of reckless driving. They said they could not see because of the bright lights of the automobile coming from the west. One who cannot see, but who drives an automobile at night at a speed of from forty-five to fifty miles per hour on a public thoroughfare, in utter disregard of the safety of other travelers, does so at his peril; and his wantonness is imputable to one having equal control of the automobile with him, the same as negligence.

The judgment of the district court is affirmed.