## No. 11,914.

## PARKER *v.* ULLOM.

Decided October 8, 1928.  Rehearing denied October 29, 1928.

434

Mr. William E. Hutton, Messrs. Chinn & Strickler, Mr. John F. Pierce, for plaintiff in error.

Messrs. Strachan & Horn, Mr. L. Leslie Miles, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Anna Ullom obtained a judgment against Paul Parker and John M. Beckman in an action for damages for the death of her husband. Parker seeks a reversal of the judgment.

1. Ullom was killed in a collision between two automobiles. One was driven by Parker; the other, in which Ullom was riding, was driven by Beckman. The evidence with reference to negligence on the part of Parker, and contributory negligence on the part of Ullom was conflicting. These two questions were submitted to the jury by proper instructions, and we cannot disturb the jury's findings thereon.

2. Counsel for Parker contend that Beckman and Ullom were engaged in a joint enterprise; that because of that fact the negligence of Beckman should be imputed to Ullom; that such negligence contributed to the collision; and, therefore, that the plaintiff is not entitled to recover. It is said that the court should have so held as a matter of law, and should have directed a verdict for Parker; but, if this is not so, that the question should have been submitted to the jury.

The evidence bearing on this question was uncontradicted. Additional evidence, claimed to have a bearing upon the question, was offered by the defendant Parker. To such offer the plaintiff made an objection, which the court sustained. The court held that, as a matter of law, there was no joint enterprise, and that Beckman's negligence, if any, could not be imputed to Ullom. If the evidence admitted, plus the evidence rejected, was sufficient to bring the case within the joint enterprise rule as a matter of law, or was sufficient to go to the jury, the court's ruling was reversible error; otherwise, it was not.

In the evening of September 18, 1927, Beckman was seated in his automobile near a cigar store in Colorado Springs. He saw Ullom in front of the store. Ullom intimated that he intended to go to a game, and asked Beckman if he wanted to go along, and whether he would take "them" there in his car. By "them" he meant himself and a Mr. Plympton and a Mr. Goodspeed. Beckman thought that the game was to be poker, and that it was to be played for money. Beckman told Ullom that he (Beckman) had quit card games and did not care to go; but he finally consented to go along for a while and watch the game. He was not going to engage in any game, and so advised Ullom. Plympton and Goodspeed came out of the store. Ullom spoke to them, and then, getting into the front seat beside Beckman, said to the other two, "Get in and let's go." They got in. Beckman, the owner of the car, drove it. The exact place where the game was to be played was not stated. Ullom said that he would show or tell Beckman where it was when they got in the south end of town—would tell him where to stop. That was the only suggestion made by any person with reference to the driving of the car. No one gave any direction or offered any suggestion as to the speed of the car; the manner of driving the car was left exclusively to Beckman, the owner; he was driving to suit himself. So much for the evidence that was admitted by the court.

The offer of evidence is as follows: "Mr. Hutton: The defendant Parker now offers to show by the witness on the stand, Walter N. Pruitt, that on the night of the accident the witness was invited by Mr. Goodspeed, in the presence of Mr. Ullom, the plaintiff's husband, to attend the party with Mr. Ullom, Mr. Plympton and Mr. Goodspeed; that this party was of the similar character of parties that had been arranged between said gentlemen on a number of prior occasions; that such parties were arranged with a view to engaging in poker games for money stakes, and were of the nature of gambling games carried on in violation of the state law and the ordinances of the City of Colorado Springs, to-wit, Section 654 of the Colorado Springs Code of 1922; that said parties were further arranged with a view to the procuring and use of liquor by the participants therein, contrary to law; that the witness was invited to join, on the evening of the accident, in a party of like character with those that had been participated in by the same gentlemen before; that he was given to understand, in the presence of Mr. Ullom, that the party arranged the evening of September 18th shortly prior to the accident, was of a like character with parties that had been arranged and participated in before, and that the witness on the stand saw Mr. Goodspeed, Mr. Ullom, Mr. Plympton and Mr. Beckman depart from his presence to participate in a party to which the witness had been invited, as before stated, and shortly before the occurrence of the accident. The defendant Parker now offers to show by the witness on the stand, Walter N. Pruitt, that Mr. Goodspeed, one of the members of the party arranged by Mr. Ullom on the evening of the accident, had the reputation, and was in fact, a professional gambler, who was in the habit of attending parties with Mr. Ullom and other gentlemen who were in the car of Mr. Beckman on the night of the accident, for the purpose of engaging in gambling for money and making an income therefrom, and that such party, arranged by Mr. Ullom on the evening of September 18th,

and in pursuance of which they were riding in the automobile of Mr. Beckman at the time of the accident, was arranged for the purpose of promoting gambling, such as had taken place at other parties at former times. The defendant now offers, through the witness Beckman, one of the defendants in the case, to establish by his testimony like facts, such as are set forth in the offer made with respect to the witness Pruitt.''

Even on the assumption that such evidence was admissible, its rejection was not reversible error, because such evidence taken in connection with the evidence that was admitted, was insufficient to sustain a finding that there was a joint enterprise between Parker and Ullom such as would justify charging the latter with the negligence of the former; hence, the rejection of the offered evidence would not prejudice the substantial rights of Parker. Code, § 439.

In *Denver Tramway Co. v. Orbach,* 64 Colo. 511, 172 Pac. 1063, we said:

''In *C. & S. Ry. Co. v. Thomas,* 33 Colo. 517, 81 Pac. 801, 70 L. R. A. 681, 3 Ann. Cas. 700, on which counsel rely, this court, in terms, confined the discussion to passengers in private vehicles, and pointed out that negligence was to be imputed to a passenger only in those exceptional cases in which 'the injured person is in a position to exercise authority or control over the driver.''

''The imputation of negligence in cases of a 'joint enterprise' has the same basis, it being properly assumed that the several parties to the enterprise will each have a voice in its management, and hence have the right to exercise control over a driver, when the parties are traveling in furtherance of the enterprise. Each is in effect the agent of the others in the line of their undertaking.''

To establish a joint enterprise such as would justify imputing to an occupant of an automobile the negligence of the driver, it must appear that the occupant did in fact exercise control over the driver, or that the circumstances were such as to justify the inference that the oc-

cupant had the right to exercise such control over the driver, or that the occupant and the driver jointly were controlling the operation of the automobile, or had a right jointly to control its operation. Thus, in *Boyd v. Close,* 82 Colo. 150, 257 Pac. 1079, two boys, in conformity to the desire of each, used for a common purpose an automobile belonging to another person, "and shared between them the duty of driver." They took turn about at the wheel. The negligence of the one who happened to be driving at the time of the collision was imputed to the one who at that time did not happen to be at the wheel. We cited with approval *Howard v. Zimmerman,* 120 Kan. 77, 242 Pac. 131, where the facts were substantially the same as in the Boyd case. In Huddy on Automobiles (6th Ed.) § 682, the law is stated as follows:

"In every case, it may be said that the parties are engaged in the common enterprise of 'riding,' but that is not sufficient to bring the passenger within the rule. In such a case, the passenger may be merely a guest of the driver and will not be charged with the negligence of the driver. The negligence of the driver will not be attributed to the passenger, unless the latter undertakes to or has the right to exercise some control over the movement of the vehicle. In order that there be such a joint undertaking, it is not sufficient merely that the passenger or occupant of the machine indicate to the driver or chauffeur the route he may wish to travel, or the places to which he wishes to go, even though in this respect there exists between them a common enterprise. The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it."

See also: *Kelley v. Hodge Trans. System,* 197 Cal. 598, 242 Pac. 76; *Pope v. Halpern,* 193 Cal. 168, 223 Pac. 470; *Nicora v. Cerveri,* 49 Nev. 261, 244 Pac. 897; *Ronan v. J. G. Turnbull Co.,* 99 Vt. 280, 131 Atl. 788; *Landry v. Hubert,* 100 Vt. 268, 137 Atl. 97; *Lawrence v. Sioux City,*

172 Ia. 320, 154 N. W. 494; *Clark v. Missouri Pac. Ry. Co.*, 115 Kan. 823, 224 Pac. 920; *Hathaway v. Mathews* (Cal. App.), 258 Pac. 712.

In the present case, the owner of the automobile was driving it, and exclusively controlled its operation. Ullom did not attempt to exercise control over the driver or over the operation of the automobile; nor was the purpose or object of the trip such as to justify an inference that Ullom had any right to do so. The negligence of Beckman, the owner and driver, cannot be imputed to Ullom. The trial court was right in so holding.

3. Closely allied to, if not identical with, the matter discussed in paragraph 2, is the objection that Beckman was the agent of Ullom, and, therefore, that the negligence of the former was, in law, the negligence of the latter. If Beckman and Ullom were engaged in a joint enterprise such as would justify charging Ullom with the negligence of Beckman, each, in effect, would be the agent of the other in the line of their undertaking. See quotation from *Denver Tramway Co. v. Orbach, supra.* But there was no such joint enterprise, and there was no other evidence of an agency. The trial court was right in so holding as a matter of law.

4. Instruction numbered 11, given by the court, is as follows: "You are instructed that the Ordinance of the City of Colorado Springs provides, that every motor vehicle operated on the streets of the City shall be provided with at least two adequate brakes, each of which shall work independently of the other, except motorcycles, which shall be provided with at least one adequate brake; and the brakes of every motor vehicle shall be of such power when applied to bring such vehicle to a full stop when running at the following speeds within the following distances from the point where the brake pressure is applied: 10 miles an hour, 10 feet. 15 miles an hour, 21 feet. 20 miles an hour, 37 ft."

This was objected to upon the ground that there was no evidence that the brakes of the Parker car were not

in the required condition. This section of the ordinance was introduced in evidence after the close of the plaintiff's case and near the close of the defendant's evidence. Not only was there no objection to its introduction, but the parties stipulated that it may be introduced and read. It was not necessary that evidence that the brakes did not meet the requirements should be direct and positive; circumstantial evidence was sufficient. There was evidence relating to the actions of the Parker car immediately preceding the collision that raised a question concerning the condition of the brakes. The jury may have found from the evidence either that the car was exceeding the speed limit; or that the car was not exceeding the speed limit, but that the brakes were not such as the ordinance required them to be. This assignment of error is without merit.

5. Equally untenable is the objection to that part of instruction numbered 13 that declares that "one having the right of way is not absolved from reasonable care." *Golden Eagle D. G. Co. v. Mockbee,* 68 Colo. 312, 189 Pac. 850.

6. The speed limit at the place where the collision occurred was 28 miles per hour. On cross-examination, Parker was asked this question, to which his attorney objected: "On the evening of this collision, on the 18th of September last, it was your understanding that the ordinance of the City of Colorado Springs required that one should operate a car at a speed not greater than fifteen miles an hour at intersections, was it not?" The objection was overruled, and the witness answered, "That was my understanding at that time."

This ruling is assigned as error. But the witness already had been asked, without objection, the following question: "In your testimony in the case of Anna Plympton vs. yourself and Mr. Beckman, tried a couple of weeks ago, you testified that the city ordinance required a speed of 15 miles an hour at that time in entering upon intersections, did you not?" He had answered,

"I did at that time; yes, sir." We do not think that the ruling was erroneous. But if it was, it clearly did not prejudice the substantial rights of the defendant and, therefore, is not ground for reversing the judgment. Code, § 439.

The judgment is affirmed.