BEATRICE MATHENY v. CENTRAL MOTOR LINES, INC., AND JOHN D. MONTGOMERY.

(Filed 7 June, 1951.)

**Automobiles § 20b—**

Where husband and wife jointly own an automobile, which was being driven by the husband with the wife's consent for a common purpose, the wife being an occupant, they are engaged in a joint enterprise so that negligence on the part of the husband will bar her right to recover for injuries received in a collision with another vehicle.

APPEAL by plaintiff from *Crisp, Special Judge,* December Term, 1950, of MECKLENBURG. Affirmed.

*Covington & Lobdell, J. Laurence Jones, and Guy T. Carswell for plaintiff, appellant.*

*Tillett, Campbell, Craighill & Rendleman for defendants, appellees.*

DEVIN, J. This is a companion case to that of *J. A. Matheny v. Central Motor Lines, Inc., ante,* 673. The plaintiff in this case is the wife of J. A. Matheny and was with him in their Mercury automobile at the time it collided with defendants' truck, to the injury of both. In the case of the husband who was driving we held that the judgment of involuntary nonsuit as to him was properly allowed. The only question now posed for decision is whether the negligence of J. A. Matheny was imputable to his wife.

It was admitted that the automobile in which plaintiff and her husband were riding and being driven at the time by him was their joint property, each owning one-half interest therein as tenants in common, and the evidence disclosed that they were transporting therein household and other joint personal property to their home in Florida. On this trip the husband and wife had shared the driving, but the husband was driving at the time of the collision.

The fact that the plaintiff was co-owner and occupant of the automobile, and that it was being driven at the time by her husband with her consent for the common benefit and purpose of both would seem to establish the essential elements of a joint enterprise. *James v. R. R., ante,* 591; *Albritton v. Hill,* 190 N.C. 429, 130 S.E. 5; *Pusey v. R. R.,* 181 N.C. 137, 106 S.E. 452. As such co-owner of the automobile in which she was riding, the plaintiff had equal right to direct and control its movement, and the conduct of the driver in respect thereto, and was in law chargeable with responsibility for the negligent operation of the automobile. Blashfield, sec. 2372. The control required is the legal right to control rather than actual physical control. *James v. R. R., supra.*

It was said in *Harper v. Harper,* 225 N.C. 260, 34 S.E. 2d 185: "The owner of an automobile has the right to control and direct its operation. So then when the owner is an occupant of an automobile operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to the owner."

The court below, on the facts set out in J. A. Matheny's case (the two cases were tried together), sustained motion to nonsuit in the wife's case also, and in this, for the reasons stated, we concur.

Affirmed.