No. 17,322.

MOORE *v.* SKILES.
(274 P. [2d] 311)

Decided September 20, 1954.

Mr. Neil S. Mincer, for plaintiff in error.

Mr. Myron H. Burnett, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In the trial court plaintiff in error was plaintiff and defendant in error was defendant. We shall refer to the parties herein as they appeared in the trial court or by name.

Plaintiff alleged that on May 31, 1952 she was a passenger in a pickup truck driven by her husband; that as a result of an automobile accident which occurred on a mountain highway about fourteen miles north of Dotsero, Colorado, she sustained certain injuries resulting from the negligent driving of defendant's automobile at said time and place, causing it to collide with the vehicle in which plaintiff was riding with her husband.

By way of answer, defendant admitted the accident, but denied negligence on his part; alleged the injuries complained of were caused by the sole negligence of the driver of the vehicle in which plaintiff was riding and set forth the defenses of contributory negligence and unavoidable accident.

Plaintiff amended her complaint to include a claim for damage to the pickup truck jointly owned by herself and her husband. Defendant amended his answer by including therein a counterclaim for damages to his pickup truck involved in the collision; alleged that plaintiff's vehicle was a family car and on the night of the accident was operated so negligently by plaintiff and her husband as to cause it to collide with defendant's vehicle, causing

$200.00 damages to it, for which he demanded judgment under his counterclaim.

Trial was to a jury which returned a verdict finding the issues in favor of defendant on plaintiff's complaint and in favor of plaintiff on defendant's counterclaim. Judgment was entered on the verdict and plaintiff brings the cause here by writ of error.

On May 31, 1952 plaintiff was riding with her husband in a pickup truck jointly owned by plaintiff and her husband. He was driving the vehicle on a public road from Dotsero to Burns, Colorado, from where they were returning home after an evening spent with friends. The road along which they were traveling was narrow and at the point where the accident occurred was not of sufficient width for two cars to pass. At what apparently was a blind curve a collision occurred between plaintiff's pickup truck and a pickup proceeding in the opposite direction, owned and driven by defendant. As to the speed of the respective vehicles immediately preceding the collision, the distance at which the respective drivers sighted one another and other details of the accident, the testimony was conflicting.

Plaintiff in error and her husband claimed that their automobile had come to a stop before the impact and that defendant ran his vehicle into their car. By his testimony and that of his wife, defendant claimed he had stopped his truck and that plaintiff's car ran into his vehicle.

When a husband and wife are journeying together in a vehicle jointly owned by both and engaged in a mission with a purpose common to both, can the negligence of the husband in operating the vehicle be imputed to the wife? This is the primary inquiry presented by this record.

Over objection of counsel for plaintiff, the court submitted to the jury Instruction No. 4, which defined contributory negligence and concluded with the following: "In this case, if the jury finds and believes from a pre-

ponderance of the evidence that each driver was guilty of negligence which contributed to the proximate cause of the accident and that the accident would not have occurred but for the combined negligence of both drivers, then the plaintiff cannot recover for the damages which she claims to have suffered, and the defendant cannot recover for the damages which he claims to have suffered."

Plaintiff here contends the trial court erred in submitting Instruction No. 4, in that the trial court permitted the negligence of the husband to be imputed to the wife, and erred in permitting the jury to render its verdict solely on the basis of Instruction No. 4 without reinstructing the jury to consider all the instructions as a whole.

We said in *Colorado & Southern Railway Co. v. Thomas*, 33 Colo. 517, 81 Pac. 801: "The rule that a person injured by the negligence of a defendant, and the contributory negligence of one with whom the injured person is riding as guest or companion, is that such negligence is not imputable to the injured person; but there is a well-recognized exception to this rule when the injured person is in a position to exercise authority or control over the driver, or is guilty, or fails to exercise such care under the circumstances as he could, and should, exercise under the particular circumstances, to protect himself."

The question is not solely whether the passenger actually exercised control over the driver, but whether "the occupant had the right to exercise such control over the driver, or that the occupant and the driver jointly were controlling the operation of the automobile, or had a right jointly to control its operation." *Parker v. Ullom*, 84 Colo. 433, 271 Pac. 187.

A husband's negligence is not to be imputed to the wife unless he is her agent in the matter at hand, or they are jointly engaged in the prosecution of a joint enter-

prise. *Phillips v. Denver City Tramway Co.,* 53 Colo. 458, 128 Pac. 460.

*Fox v. Lavender,* 89 Utah 115, 56 P. (2d) 1049, was a case where the plaintiff, a half-sister of defendant, was a guest in an automobile jointly owned by defendant and her husband, who on the occasion of an accident was the driver of the automobile. It was there stated: "We believe that the better rule is that where an owner is an occupant of his own car there arises a rebuttable presumption that he has control and direction of it. * * * A person being conveyed by his own vehicle is presumed to control his own property in his own transportation. * * * If the presumption of agency is indulged, it throws upon the proper parties the burden of producing evidence to negative the relationship rather than upon the plaintiff to produce evidence to prove it."

"The actual joint possession from which joint control is inferred is not merely common presence in a car. It arises from a joint hiring or a joint ownership. One who jointly possesses an article with another has joint control of it on the assumption that he who has possession of an article has control of it. Joint owners both present in a car presumably have joint possession of the car. From such joint possession, the right of joint control follows and from this right of joint control of the article of which they are jointly possessed, an agency arises which makes the nondriving joint owner present in the car responsible for the negligence of the driving joint owner. * * * We prefer to put this decision on the ground that joint owners both present in the car, without more, raises a presumption of a joint possession and therefore joint control from which arises a reciprocal agency.

To sum up, when a sole owner is driving it is presumed, without more, that he is in control and has the complete right of control; when the sole owner is present in the car and another is driving, it is presumed without more being shown, that the sole owner has the right of control, and that the driver is driving for him, that is,

as his agent. If two or more joint owners are in the car, they will be presumed, without more shown, to have joint right of control and therefore the driver will be presumed to be driving for himself and as the agent of the other present joint owners. * * *"

We quote from *Clark v. Hampton,* 83 N.H., 524, 145 A. 265: "If this evidence was accepted as true, it showed a situation where, for purposes of present use and control, the plaintiff stood in the position of a part owner in common with Swanton. In this situation the plaintiff and Swanton proceeded to use the car for their mutual benefit. This would plainly amount to such a joint control that each party would be the agent of the other in the conduct of their common undertaking."

In *Tannehill v. Kansas City, C. & S. Ry. Co.,* 279 Mo. 158, 213 S.W. 818, it was held that where two brothers, who, together with a third brother, were joint owners of an automobile, were returning home after being away on business or pleasure, and one of them was killed by reason of the negligence of his brother, such negligence of the brother would be imputed to the deceased brother.

We quote from *Howard v. Zimmerman,* 120 Kan. 77, 242 Pac. 131: "The basis of liability of one associate in a joint enterprise for the tort of another is equal privilege to control the method and means of accomplishing the common design. If the means employed be an instrumentality negligent use of which inflicts injury, the associate whom the law regards as participating in the conduct of the actor must have had equal control over its use. This control, however, need not have extended to actual manipulation at the time injury was inflicted. It is sufficient that, at the beginning of the enterprise, or as it progressed, or at any time before the tortious event, he possessed equal authority to prescribe conditions of use."

In the Howard case, supra, two boys borrowed an automobile to take two girls riding. The Kansas court held that the girls were guests "but neither boy was guest

of the other, or a mere passenger while the other was driving."

In *Matheny v. Central Motor Lines*, 233 N.C. 681, 65 S.E. (2d) 368, it was held, "As such co-owner of the automobile in which she was riding, the plaintiff had equal right to direct and control its movement, and the conduct of the driver in respect thereto, and was in law chargeable with responsibility for the negligent operation of the automobile * * *. The owner of an auto-bile has the right to control and direct its operation. So that when the owner is an occupant of an automobile operated by another with his permission or at his request, nothing else appearing, the negligence of the driver is imputable to the owner."

*Lucey v. Allen* and *Prendergast v. Allen*, 44 R.I. 379, 117 Atl. 539, we find this statement: "In the cases of Mrs. Prendergast and Miss Lucey the question arises as to whether the negligence of Mr. Prendergast in operating the automobile should be imputed to them. Plaintiffs' counsel has referred us to a number of cases in which it has been held that a wife, riding in an automobile driven by her husband, is not chargable with the husband's negligence in operating said automobile, when the wife does not exercise or attempt to exercise any control over such operation. If in this case the negligence of Mr. Prendergast is imputed to his wife, such determination would not be made because of the marital relations, but because she was the owner of the automobile, that it was being operated by the husband for the wife in furtherance of a purpose in which she was an interested party, and because from those circumstances the relation of principal and agent would arise between Mrs. Prendergast and her husband. It appears that at the time of the collision the Prendergasts were returning from a day's outing at Pearl Lake, near Franklin, Massachusetts; that for the purpose of carrying out this day of pleasure in which she was interested and took part she had furnished her automobile and being

unable to operate it herself she had procured her husband to run it. In accordance with the rule of agency applicable with reference to a so-called 'family automobile' the owner is undoubtedly chargeable with the negligence of another member of the family who is driving, if the owner is a passenger, and it is being used for a purpose in the accomplishment of which the owner is interested. In such circumstances the relation of principal and agent arises between the owner and the member of the family driving the machine."

In the instant case the return trip to plaintiff's home was in furtherance of a purpose in which she was an interested party.

A majority of the courts of other states have held both co-owners liable where one co-owner was driving and the other was an occupant in the car which was used for a common purpose, such as visiting mutual friends or engaging in social activities, or visiting a relative of both owners. The liability has been placed on joint venture, joint enterprise or reciprocal agency arising from joint ownership combined with joint possession giving each co-owner the right to control and direct the manner of operation. *Fox v. Lavender, supra; Archer v. Chicago, M., St. P. & P. Ry. Co.,* 215 Wis. 509, 255 N.W. 67; *Paine, Admr. v. Chicago & N.W. R. Co.,* 217 Wis. 601, 258 N.W. 846.

Plaintiff was co-owner of the car and sued in her own name, without joining her husband, for the damage to the vehicle as a result of the accident, as well as for her personal injuries; at the time of the collision the car was being used for purposes in which both plaintiff and her husband were interested, to wit, in going home after visiting friends. We believe it necessarily follows that because of plaintiff's ownership and the purpose for which the conveyance was being used, plaintiff had a right to direct and control the manner in which the car was being driven, and in the absence of evidence to the contrary, plaintiff's joint-owner-husband was presumed

to be acting for plaintiff at the time of the accident. Here, the car was being used for the pleasure of both husband and wife and for a purpose common to each of them.

In *Hutchins v. Haffner*, 63 Colo. 365, 167 Pac. 966, we cited with approval the cause of *Switzer v. Sherwood*, 80 Wash. 19, 141 Pac. 181. There an automobile was driven by the daughter accompanied by the father only, and the car was jointly owned by the mother and father of the daughter. The Washington court held that both owners were liable under the "family purpose" doctrine even though the wife was not in the car at the time of the accident. In holding both co-owners liable for the negligent operation of a family car by a member of the household for a family purpose, such liability is fixed without regard to which owner was the head of the family.

Plaintiff in error was not a guest in her own car, neither was she a passenger who in the event of an accident could recover against the driver of another vehicle with which her car collided and claim she was not chargeable with the negligence or contributory negligence of her husband.

In *Greenwood v. Kier*, 125 Colo. 333, 243 P. (2d) 417, we quoted from the early case of *Hutchins v. Haffner, supra*, as follows: "A majority of this court have chosen to adopt the doctrine that a husband is liable for the injury inflicted by his automobile, which he purchased for family use, while it was being operated by his wife, solely for her own pleasure under his general permission to use the machine whenever and wherever she pleased, upon the theory that the wife was the husband's agent in carrying out one of the purposes for which the car was purchased and owned."

In the instant case had the sole title to the car stood in the name of plaintiff in error, she would be chargeable with the negligence, if any, of her husband who, under our decisions, was her agent. Here, the husband

and wife were returning to their home, using a family car to attain a common purpose. Under the family-car doctrine, irrespective of which one of the parties owned the car, the other person was the agent of the owner because, under the record here made, the husband in this case had general authority to drive the car whenever and wherever he pleased.

We recognize that the authorities are divided on the question of imputability of negligence of the driver to a non-driving passenger in the automobile. We, however, believe that the more reasonable and common-sense view is that the owner or joint owner, riding as an occupant in his own car, using the car for a purpose in common with the driver is presumed to have a right to control the driver and a right to manage and direct the movements of the car. Whether the husband's driving of the vehicle was at the husband's or wife's request, or by agreement between them, or by his assuming the wheel and she silently acquiescing, makes no difference.

In the instant case we have nothing but the presumptions which arise from admitted facts. No attempt was made to rebut the presumption of agency on the part of the husband. Presumptions are rules of convenience based on experience or public policy and established to facilitate the ascertainment of truth in the trial of causes. *American Insurance Co. v. Naylor,* 101 Colo. 34, 70 P. (2d) 349.

Where, as here, joint ownership of the car is shown; where joint occupancy and possession of the vehicle is admitted, and where the occupant-owners of the car use it upon a joint mission, the driver will be presumed to be driving for himself and as agent for the other present joint owner. We therefore, conclude that the trial court did not err in submitting Instruction No. 4 to the jury.

After the case was submitted, the jury sent a written interrogatory to the court and requested an answer. In the presence of counsel for plaintiff and

defendant, the court answered the interrogatory by propounding another as follows:

"Gentlemen of the Jury: In reference to your note reading 'We have voted instruction No. 4 is the form herewith right to present.' Do you find and believe from a preponderance of the evidence that each driver was guilty of negligence which contributed to the proximate cause of the accident, and that the accident would not have occurred but for the combined negligence of both drivers? Please answer 'Yes' or 'No' at the space provided below for answer. William H. Luby, Judge." The interrogatory was returned with the word "Yes" inserted in the space provided and was signed by the jury foreman.

Upon receipt of this answer the court gave the jury the following additional instruction: "Your answer to the interrogatory submitted by the Court having been 'Yes' and the Court assuming that you find and believe from a preponderance of the evidence that each driver was guilty of negligence which contributed to the proximate cause of the accident, and that the accident would not have occurred but for the combined negligence of both drivers, the form of verdict attached hereto is the proper verdict."

After retirement, the jury returned the verdict mentioned above.

We perceive no error on the part of the trial judge in thus answering the inquiry of the jury. He gave the jury, without comment of any kind, the opportunity to advise the Court as to its findings, based on a preponderance of the evidence and the instructions, and merely indicated the form of verdict to be used, based on these findings.

After a careful review, we perceive no error in the record. We conclude that the judgment must be affirmed. It is accordingly affirmed.