579 P.2d 1181 (1978)
Robert W. HOVER, Plaintiff, and
Billie C. Hover, Plaintiff-Appellant,
v.
Mary Dorothea CLAMP and George V. Clamp, Defendants-Appellees.
No. 76-791.
Colorado Court of Appeals, Div. III.
March 2, 1978.
Rehearing Denied March 23, 1978.
Certiorari Denied June 19, 1978.
*1182 William H. Kirkman, Jr., Colorado Springs, for plaintiff-appellant.
Rector, Retherford & Mullen, L. Dan Rector, Colorado Springs, for defendants-appellees.
STERNBERG, Judge.
Plaintiff Billie C. Hover was a passenger in an automobile titled in her name but driven by her husband when it was involved in a collision on March 4, 1974, with a vehicle operated by defendant Mary Clamp. Mrs. Hover and her husband filed a personal injury suit against Mrs. Clamp and joined her husband, George V. Clamp, under the family car doctrine. The case was tried to a jury which found by special verdict that the defendants were 70% negligent, that Mr. Hover was 30% negligent, and that Mr. and Mrs. Hover were entitled to damages of $3,000 and $4,775.72, respectively. The trial court then reduced each of these amounts by 30% for plaintiffs' comparative negligence, pursuant to § 13-21-111, C.R.S.1973.
Mrs. Hover appeals. She contends, first, that because the amount of damages found by the jury before the 30% reduction was only $53.30 over her actual medical expenses, the damages she was awarded were grossly and manifestly inadequate. In this regard, she argues that this indicates that the jury did not properly consider evidence establishing her present and future pain and suffering and permanent disability. She claims also that her husband's negligence cannot be imputed to her as an innocent passenger to reduce her own damages under the doctrine of comparative negligence. We agree with the first assertion and therefore reverse and remand for a new trial on the issue of damages.

I.
The record indicates that as a result of the accident Mrs. Hover has remained under the continuous care of an orthopedic surgeon, has been required to attend numerous physical therapy sessions, has been unable to perform many of her customary household duties, no longer as actively assists her husband in the operation of their wholesale automobile dealership, and must now wear an artificial nerve stimulator to curb severe and recurring occipital headaches. Her orthopedic surgeon testified that although she had a pre-existing arthritic condition and some history of migraine, the medication he gave her and the treatment program he advised were related to her injuries from the accident. He stated that she had suffered permanent disability and would have to control or modify her physical activities in order to contain or control the severity of her condition. This evidence was undisputed.
The jury in this case was instructed to consider, in addition to various medical and therapeutic expenses incurred, future physical and mental pain and suffering, loss *1183 of full enjoyment of life, permanent injuries or disability, and loss of earnings or impairment of earning capacity, as established by the evidence. Where, as here, it is evident that a jury did not properly take these factors into consideration, and awarded what we hold as a matter of law to be manifestly inadequate damages, a new trial on this issue must be granted. See Kistler v. Halsey, 173 Colo. 540, 481 P.2d 722 (1971); Denton v. Navratil, 170 Colo. 158, 459 P.2d 761 (1969).
The holding of the Supreme Court in Kistler is particularly applicable here:
"The verdict, considering the undisputed evidence of the multiple physical injuries sustained by plaintiff, was manifestly inadequate, indicating that the jury disregarded the court's instructions on damages which properly charged the jury to consider the nature and extent of plaintiff's injuries, his physical and mental pain and suffering, and any permanent injuries and disabilities, if established by the evidence. Such a verdict as herein found by the jury was not a true verdict rendered according to the law and the evidence as required by the jurors' oath of office. The jury failed in its function in this respect by refusing to recognize the undisputed facts concerning plaintiff's injuries and to award him compensatory damages to which he was entitled. Under these circumstances a new trial on the issue of damages only is warranted."

II.
We do not agree, however, that the doctrine of imputed negligence, as applied in the case of a jointly owned vehicle, has been changed by the adoption of comparative negligence. Imputation of the driver's negligence to his passenger is required, when, as here, the passenger is the owner or joint owner of the vehicle, and is riding as an occupant in it with the driver, because under the circumstances the passenger is presume to have a right to control the driver and a right to manage and direct the movements of the car. See Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250 (1961); Moore v. Skiles, 130 Colo. 191, 274 P.2d 311 (1954); see also Powell v. Ouray, 32 Colo. App. 44, 507 P.2d 1101 (1973); C.J.I. 11:23.
Mrs. Hover's reliance on the holding of Dunham v. Kampman, Colo.App., 547 P.2d 263 (1975), as approved in Kampman v. Dunham, Colo., 560 P.2d 91 (1977), is misplaced. In that case, there was no indication that the passenger wife was an owner or that she had any right to control the motorcycle. Therefore, the negligence of her husband, the driver, could not be imputed to her, and the injured wife's damages could not be comparatively reduced by the percentage of her husband's negligence.
The presumption that a joint owner has a right to control the manner in which the vehicle is operated so that negligence of the driver is imputed to the joint owner has been criticized severely. See, e. g., Restatement (Second) of Torts § 485; 2 F. Harper & F. James, The Law of Torts § 23 (1956). However, the rule set forth in Moore v. Skiles, supra, and Lasnetske v. Parres, supra, is still the law in Colorado. Consequently, we hold that, because the wife was a joint owner of the automobile, it is presumed that she had the right to control the manner in which her husband was driving it, and thus his negligence, if any, would be imputable to her. On retrial, therefore, Mrs. Hover will be entitled to recover 70% of the amount of damages determined by the jury to have been sustained by her and proximately caused by the accident.
We have reviewed plaintiff's other contentions and find them to be without merit.
The judgment is reversed on the issue of damages, and the cause is remanded with instructions to vacate and set aside the verdict of the jury and to grant a new trial on the issue of damages only to be awarded Billie C. Hover.
VanCISE and KELLY, JJ., concur.